# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

MORGAN MCCANN THIBODEAUX

NO. 2025 CW 0760

VERSUS

LUKE JOSEPH THIBODEAUX

**AUGUST 1, 2025**

---

In Re: Luke Joseph Thibodeaux, applying for supervisory writs, Family Court in and for the Parish of East Baton Rouge, No. 220822.

---

**BEFORE: McCLENDON, C.J., LANIER AND STROMBERG, JJ.**

**WRIT DENIED.**

**WIL**
**TPS**

**McClendon, C.J.,** dissents. The Louisiana Supreme Court ordered the family court to designate a domiciliary parent or provide an implementation order. The family court designated Luke Joseph Thibodeaux, II as the domiciliary parent in its July 24, 2025 judgment. La. R.S. 9:335(B)(3) provides in pertinent part that "[a]ll major decisions made by the domiciliary parent concerning the child shall be subject to review by the court upon motion of the other parent. It shall be presumed that all major decisions made by the domiciliary parent are in the best interest of the child." Further, "the burden of proving [those decisions] are in fact not in the best interest of the child is placed on the nondomiciliary parent who opposes the decision." **Lawson v. Lawson,** 48,296 (La. App. 2d Cir. 7/24/13), 121 So.3d 769, 773. These major decisions include school choice. See **Shaw v. Shaw,** 30,613 (La. App. 2d Cir. 6/24/98), 714 So.2d 906, 910. I find the family court abused its discretion by mandating the school choice, which stripped the domiciliary parent of the authority given to him under La. R.S. 9:335(B). Accordingly, I would vacate the portion of the judgment mandating the minor children attend Central Community School System.

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT